IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ALDRI D. BATISTA-ESPINAL, #64821-053**                                                            **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO.   5:10-cv-172-DCB-JMR**

**U.S. DEPARTMENT OF HOMELAND SECURITY, et al.**
                                                                                                    **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, an inmate of the Bureau of Prisons, filed on November 5, 2010, a petition for a writ of mandamus and a motion to proceed *in forma pauperis*.[1]   On February 22, 2011, this Court entered an Order [9] directing Plaintiff to file a written response to provide specific information regarding his claims, on or before March 15, 2011.   Plaintiff was warned that failure to keep this Court informed of his current address or failure to timely comply with any Order of this Court may lead to the dismissal of his case.   Plaintiff failed to comply with this Order.

On March 31, 2011, an Order [10] was entered directing Plaintiff to show cause, on or before April 14, 2011, why this case should not be dismissed for his failure to comply with the Court's Order of February 22, 2011.   In addition, Plaintiff was directed to comply with the Order of February 22, 2011, by filing his written response on or before April 14, 2011. The Show Cause Order [10] warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of this case, without further notice.   On April 11, 2011, the envelope [11]

---

[1] Plaintiff was granted *in forma pauperis* status on February 10, 2011.

containing the Show Cause Order [10] was returned by the postal service with the notation "return to sender, refused, unable to forward."  In addition there is a return to sender notation on the envelope which appears to be from the Adams County Correctional Center that states "released, not at this facility." Needless to say, Plaintiff failed to comply with the Show Cause Order.

Plaintiff has failed to comply with two Court orders, failed to keep this Court informed of his current address and he has not contacted this Court since January 25, 2011.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).   The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 F. App'x 144 (5th Cir. 2009).   Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v.  Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the  11th  day of  May , 2011.

                                 s/David Bramlette
                               UNITED STATES DISTRICT JUDGE